IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **LISA WILKINS and** | | |
| **RAY HOBBS** | | **PLAINTIFFS** |
| | | |
| v. | Case No. 4:16-MC-0006-KGB | |
| | | |
| **JAMES SOLER** | | **DEFENDANT** |

### ORDER

Before this Court is Lisa Wilkins and Ray Hobbs's motion to quash subpoenas (Dkt. No. 2). The subpoenas were issued by the United States District Court for the Southern District of California and require Ms. Wilkins and Mr. Hobbs to give deposition testimony in Pine Bluff, Arkansas, on March 30 and 31, 2016. The motion to quash is properly before this Court, as the subpoenas request depositions to occur in the Eastern District of Arkansas. Respondent James Soler filed a response to the motion to quash, requesting that this Court transfer the motion to quash to the United States District Court for the Southern District of California, the court that issued the subpoenas, or deny the motion (Dkt. No. 4). Respondent's counsel, Todd W. Burns, also filed a motion to proceed *pro hac vice* (Dkt. No. 4). This Court grants the motion to proceed *pro hac vice* filed by Mr. Burns and transfers the motion to quash the subpoenas to the issuing court, the United States District Court for the Southern District of California (Dkt. Nos. 2, 4).

    A.    *Pro Hac Vice* **Motion**

In his motion to proceed *pro hac vice*, counsel contends that he is admitted to practice law in the State of California, the United States District Courts for the Southern and Central Districts of California, the United States Court of Appeals for the Second and Ninth Circuits, and the United States Supreme Court. Pursuant to Rule 83.5(d) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, any attorney who is a

member in good standing of the Bar of any United States District Court, or of the highest court of any state or territory or insular possession of the United States, but is not admitted to practice in the District Courts in Arkansas, may, upon oral or written application, be permitted to appear and participate in a particular case.  While the present motion does not indicate whether counsel is in good standing in the jurisdictions to which he has been admitted to practice law, this Court takes judicial notice of the fact that, according to the State Bar of California website, counsel has no public record of disciple or record of administrative actions.  *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (acknowledging that district courts may take judicial notice of public records).  The website indicates the information is from the official records of the State Bar of California and that counsel is active and may practice law in that jurisdiction.  Therefore, this Court grants Mr. Burns's motion to proceed *pro hac vice*.  The Court grants his motion to proceed *pro hac vice* without designating local counsel for the limited purpose of responding to the motion to quash.

      **B.**      **Motion to Quash**

In the motion to quash, Ms. Wilkins and Mr. Hobbs contend that two subpoenas demanding that they give deposition testimony should be quashed.  Specifically, Ms. Wilkins and Mr. Hobbs maintain that the subpoenas seek their testimony in a lawsuit in which they have now been named as defendants but have not yet been served with process, before counsel has been retained to defend them in the lawsuit, and before the parties have held a conference pursuant to Federal Rule of Civil Procedure 26(f).  The subpoenas were issued by the United States District Court for the Southern District of California and require Ms. Wilkins and Mr. Hobbs to give deposition testimony in Pine Bluff, Arkansas, on March 30 and 31, 2016.  The petitioners contend that the subpoenas at issue fail to allow them a reasonable time to comply

and subject them to an undue burden. They also contend that Mr. Soler arranged for their depositions prior to naming them as defendants in a lawsuit. Mr. Soler offers an explanation for the timing of these events but admits that, at the time he filed his response to the motion to quash, neither Ms. Wilkins nor Mr. Hobbs had been served with summons or the complaint in the underlying civil action. Although Ms. Wilkins and Mr. Hobbs agree that they have not been served with the summons or complaint, they contend that they cannot be compelled to give a deposition prior to participating in a Rule 26(f) conference. Mr. Soler contends that the depositions have been scheduled on the March 2016 dates to comply with a Scheduling Order issued by the United States District Court for the Southern District of California.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, the Court finds that exceptional circumstances warrant the transfer of the motion to quash to the court that issued the subpoenas. The parties have presented arguments that center around the timing and requirements of a scheduling order entered by another court. That court is plainly better suited to resolve those discovery disputes. The advisory notes to Rule 26(f) state that transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation. Therefore, this Court immediately transfers the petitioner's motion to quash to the court issuing the subpoenas, the United States District Court for the Southern District of California (Dkt. No. 2).

It is so ordered this 24th day of March, 2016.

*Kristine G. Baker*
KRISTINE G. BAKER
UNTED STATES DISTRICT COURT JUDGE